Eulogio Hidalgo-Medina, as Guardian of Gilberto Avilés, Appellant, *v.* Registrar of Property of Aguadilla, Respondent.

No. 696. Submitted November 29, 1927.—Decided December 12, 1927.

*García Méndez & García Méndez* for the appellant. The registrar did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The deed now before us purports to convey a house and two lots to Juana Medina Hernández, widow of Hidalgo, and to Eulogio Hidalgo Medina for his ward Gilberto Avilés, a minor represented by the said Hidalgo Medina as tutor, in the proportion of an undivided three-fourths interest in the said property to the said widow, and an undivided one-fourth interest therein for Gilberto Avilés. Four thousand dollars is specified as the consideration for this conveyance and that amount is acknowledged to have been received from the purchasers prior to the date of the deed.

The registrar of property refused to record the transfer of the undivided one-fourth interest in the name of the minor Gilberto Avilés on the ground that according to the terms of section 282 of the Civil Code, subdivision five, a tutor can not execute a recordable contract.

Section 282 of the Revised Civil Code as adopted by the Insular Legislature in 1902 reads in part as follows:

"The tutor shall require the authorization of the proper District Court:

" *       *       *       *       *       *       *

"5. To alienate or encumber the property which constitutes the capital of the minors or incapacitated persons or make contracts or execute acts requiring recording."

In 1911 subdivision 5 was amended to read thus:

"5. To alienate or encumber the real property which constitutes the capital of the minor or incapacitated person or to make contracts or execute acts requiring recording; also to alienate personal property, the value of which exceeds two hundred dollars and to execute lease contracts for a longer period than six years; but in no case shall the contract be entered into nor the authorization granted for a period of time in excess to that required by the minor to become of age.

"The limitations contained in the preceding paragraph relative to the execution of contracts for the lease of real property, shall apply to the contracts for advances for agricultural purposes and grinding of cane, authorized by the act of March 10, 1910.

"The prohibition to alienate personal property the value of which exceeds two hundred dollars, without judicial authorization therefor, does not cover the alienation of the fruits yielded by a landed or agricultural property at its last crop."

It was not the intention of the Legislature in 1911 to extend the prohibition so as to include leases "for a longer period than six years." Such agreements were already included among the contracts admissible to record by the express terms of section 2 of the Mortgage Law. The purpose of the amendment was to extend the statutory restriction far enough to cover contracts for agricultural advances, as well as the alienation of personal property, the value of which exceeds two hundred dollars, and to attach the proviso that no contract of lease should extend in any event beyond the period of minority.

Both before and after the amendment, leases under which rental for more than three years had been paid in advance, and short term leases without the payment of any rental in advance, if containing the necessary stipulation by the parties, were admissible to record as amounting to an alienation of real property or of a real property right. The

cancellation of a mortgage is an alienation. The vast majority of recordable instruments involves the alienation or encumbrance of real property or of real property rights. Manifestly upon the principle of *noscitur a sociis* the purpose of subdivision 5, *supra,* was to require judicial authorization for the making of recordable contracts whereby the real property or property rights of minors are alienated or encumbered or might be prejudiced. The foregoing conclusion is strengthened rather than weakened by a careful consideration of the context. Thus, for example, subdivision 10 expressly requires judicial authorization for the repudiation by the tutor of a donation, but a like restriction upon the acceptance of donation is conspicuous by its absence.

In *Palou* v. *Registrar,* 19 P.R.R. 352, it was held, to quote the syllabus, that—

"Neither the letter nor the spirit of subdivision 5 of section 282 of the Revised Civil Code as amended by Act No. 33 of March 9, 1911, requires judicial authorization for the guardian of an incapacitated person to consolidate under one title two properties recorded in the registry and to record the same as one property in accordance with the provisions of article 60 of the Regulations for the execution of the Mortgage Law."

We are, therefore, constrained to agree with appellant that the law does not forbid the acceptance of a donation or the making of a contract or the execution of a recordable instrument which obviously does not and can not injure or prejudice in any possible way the property rights or interests of a minor. But we can not concur in the view that the conveyance now under consideration is either a donation or otherwise innocuous,—and the ruling of the registrar must be sustained, of course, unless the instant case can be regarded as clearly within the exception to the statutory rule forbidding the making of recordable contracts by a tutor without judicial authorization.

It is a reasonable inference from the recital as to con-

sideration that one-fourth of the four thousand dollars in question, or at least more than two hundred dollars of that amount, was paid by the tutor out of funds belonging to the minor. But even in the absence of such recital the existence of a good and valuable consideration flowing from the minor to the vendor would be presumed. And there is nothing whatever in the deed to indicate either a donation or a simulated contract unless the bare circumstance of a consideration acknowledged to have been received prior to the date of the deed can be regarded as equivalent to an admission that there was in fact no consideration. It does not even appear that the vendor is related by blood or marriage to the vendees or to either of them, nor is there any other ground upon which to base a reasonable suspicion that the real consideration was natural love and affection or anything other than the four thousand dollars specified in the deed. Nor is it necessary to assume that the part or proportion of the consideration paid on behalf of the minor amounted to two hundred dollars or more. Subdivision 6 of section 282, *supra*, expressly forbids the investment of "any balance of money remaining each year after the obligations of the tutorship have been met."

We are unable to say, therefore, that the registrar erred in holding that the deed was under the ban of the statute as a recordable instrument, even though his refusal to record the instrument might have been based with equal or even greater propriety upon the fact that the transaction involved the alienation or investment of money belonging to the minor.

The contention that the want of a previous judicial authorization amounts at most to a curable defect is equally without merit. *Del Rosario* v. *Rucabado,* 23 P.R.R. 438, and subsequent decisions of this court following that of the Supreme Court of the United States in *Longpré* v. *Díaz,* 237 U. S. 512, seem to be conclusive upon this point.

The ruling appealed from must be affirmed.